Michael **SITRICK** as the Trustee for the Michael and Nancy Strict Trust, a Trust, Plaintiff–Appellant,

v.

**WACHOVIA SECURITIES FINANCIAL NETWORK, INC.** a corporation (successor to Prudential Securities, Inc.); Prudential Equity Group, LLC, a corporation (successor to Prudential Securities, Inc.); and Prudential Securities, Inc., a corporation, Defendants–Appellee.

No. 05–56475.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2007.

Filed Sept. 6, 2007.

Mark G. Krum, Christensen Miller Fink Jacobs Glaser Weil & Shapiro, LLP, Los Angeles, CA, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Samuel A. Keesal, Esq., Elizabeth A. Logan, Esq., Keesal Young & Logan, Long Beach, CA, for Defendants–Appellee.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON,* District Judge.

MEMORANDUM **

Michael Sitrick as trustee of the Michael and Nancy Sitrick Trust ("Sitrick") appeals from the order and final judgment dismissing his statutory and common law fraud and misrepresentation claims. Sitrick complains that he purchased Junior "Class E" Tranche notes from the defendants based upon disclosures they made. He alleges that the disclosures omitted two important warnings. In dismissing this action with prejudice the District Court concluded that there were no disputed issues of material fact and that defendants were entitled to judgment as a matter of law. Specifically the District Court held that 1) the omitted information was immaterial; 2) Sitrick did not reasonably rely on any oral or other representations made to him; and 3) Sitrick's claims were barred by the applicable statute of limitations. Because materiality is a necessary element of each of the causes of action raised by Sitrick, he must establish that the alleged omissions are material in order to succeed on each of his claims. See Cal. Corp.Code §§ 25400, 25401, 25500, 25501; *Century Sur. Co. v. Crosby Ins., Inc.,* 124 Cal. App.4th 116, 129, 21 Cal.Rptr.3d 115 (Cal. Ct.App.2004). We conclude that the court did not err in finding that the alleged omissions were immaterial as a matter of law because a reasonable investor would not find that their exclusion altered the "total mix" of information available. *Basic Inc. v. Levinson,* 485 U.S. 224, 231–32, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988); see also *TSC Industries, Inc. v. Northway Inc.,* 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976); *In re Convergent Technologies Securities Litig.,* 948 F.2d 507, 516 (9th Cir. 1991).[1]

Because we conclude that the court did not err in finding that the alleged omissions were immaterial, we need not reach the court's alternate bases for dismissal. We likewise reject Sitrick's argument that the district court should have granted him leave to amend. See *Vasquez v. Los Angeles County,* 487 F.3d 1246, 1258 (9th Cir. 2007)

AFFIRMED.

---

* Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In determining materiality California follows federal law. *McCormick v. The Fund American Companies, Inc.,* 26 F.3d 869, 884–5 (9th cir.1994) see *Ins. Underwriters Clearing House Inc. v. Natomas Co.,* 184 Cal.App.3d 1520, 1526, 228 Cal.Rptr. 449 (1986)(defining materiality in conformity with federal law).